DELGADO v FERGUSON

1. LANDLORD AND TENANT—SECURITY DEPOSITS—STATUTES.

   Security deposits held pursuant to leases which are entered into, renewed or renegotiated after April 1, 1973, are subject to the provisions of a landlord-tenant relationship act (MCLA 554.616, MSA 26.1138[16]).

2. LANDLORD AND TENANT—SECURITY DEPOSITS—RENEGOTIATION OF LEASE—STATUTES.

   An agreement between a landlord and tenant to reduce rent by $10 per month constitutes a "renegotiation" of the lease, as that word is used in a landlord-tenant relationship act relating to security deposits (MCLA 554.616; MSA 26.1138[16]).

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted November 14, 1975, at Lansing. (Docket No. 22884.) Decided December 5, 1975.

Complaint in district court by Jose Delgado against Clarence Ferguson to recover a $160 security deposit held pursuant to a lease. Judgment for plaintiff, awarding him $100. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals by leave granted. Reversed and remanded.

*David W. Sinclair* (Greater Lansing Legal Aid Bureau, Inc., of counsel), for plaintiff.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff tenant and defendant

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur 2d, Landlord and Tenant § 651 *et seq.*
[2] 49 Am Jur 2d, Landlord and Tenant §§ 526, 527.

landlord entered into a written lease on August 24, 1971. Plaintiff was required to pay $160 as a security deposit. Plaintiff occupied the premises until November 17, 1973. After he vacated the apartment he brought suit in small claims court to recover his security deposit.

The cause was removed to district court by defendant, and the district judge rendered a judgment returning plaintiff $100 of his deposit. Plaintiff appealed to the circuit court which affirmed the district court. Plaintiff then filed an application for leave to appeal to this court which was granted.

Plaintiff presents alternative theories designed to bring this lease within the purview of the landlord-tenant relationships act, MCLA 554.601 *et seq.;* MSA 26.1138(1) *et seq.* Section 16 of the act, MCLA 554.616; MSA 26.1138(16), provides:

"This act takes effect April 1, 1973 and applies only to security deposits held pursuant to leases entered into, *renewed* or *renegotiated* after April 1, 1973." (Emphasis added.)

It is stipulated on appeal that plaintiff and defendant agreed in May of 1973 to reduce the rent by $10 per month effective June 1, 1973. Neither the district judge nor the circuit judge found this agreement sufficient to constitute "renegotiation" as contemplated by MCLA 554.616, *supra.* We respectfully disagree.

While this act does not purport to define "renegotiation", we think it obvious that an alteration in the most essential incident of a leasehold agreement, the rent, must necessarily be considered to be a "renegotiation" under the plain and popular meaning of the term.

We find the lease to be renegotiated effective June 1, 1973. The landlord-tenant relationships act, *supra,* applies. The cause is remanded to the district court for further proceedings consistent with this opinion. Costs to plaintiff.